UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. FERGUSON,

        Petitioner,

v.

                                                            Case No. 10-C-956

RANDALL HEPP,

       Respondent.

**ORDER**

On October 26, 2010, Michael Ferguson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Brown County Circuit Court of stalking, attempted first-degree intentional homicide, obstructing an officer, and escape and was sentenced to 12 years imprisonment. He is currently incarcerated at the Jackson Correctional Institution. Petitioner has submitted the required $5 filing fee. He has exhausted his state court remedies and has attached a copy of the Wisconsin Court of Appeals decision affirming his conviction. Petitioner properly filed his habeas petition within one year of the Supreme Court of Wisconsin's November 12, 2009 denial of his petition for review.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Here Petitioner alleges that the evidence presented at trial was insufficient to sustain the jury's verdict of guilt beyond a reasonable doubt. Specifically Petitioner claims that:

> The state did not prove that [he] had the requisite intent in attempting first-degree intentional homicide. The state did not prove that [he] was aware that his conduct was practically certain to cause death to anyone. The state did not prove that [he] intended to commit a homicide on March 21, 2006, because his conduct on that night was not practically certain to cause another person's death.

(Petition at ¶ 22A.) The due process clause is violated if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt on the evidence presented. *Jackson v. Virginia*, 443 U.S. 307. 319 (1979) (holding that federal habeas courts must consider a petitioner's federal due process claim that the evidence in support of his conviction was insufficient); *Piaskowski v. Casperson*, 126 F. Supp. 2d 1149, 1153 (E.D. Wis. 2001). This presents at least a colorable constitutional issue.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and

(3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order will be sent via a Notice of Electronic Filing[1] ("NEF") to State of Wisconsin respondent(s)[2] through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

3

secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this ___27th___ day of October, 2010.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge