UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL A. FERGUSON,

        Petitioner,

  v.

                                                   Case No. 10-C-956

RANDALL HEPP,

        Respondent.

---

**ORDER**

---

On October 26, 2010, Michael Ferguson filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On March 10, 2011 Petitioner filed a motion to stay his federal habeas petition while he seeks to exhaust his arguments in state court. (Dkt. 25.) According to Petitioner the habeas petition in this Court was filed prematurely because "the bulk of [P]etitioner's arguments are underdeveloped." (Dkt. 26 at ¶ 7.) Responded opposes Petitioner's stay request (Dkt. 28) which is now ripe in light of Petitioner's reply brief. (Dkt. 30.) For the reasons detailed herein Petitioner's motion to stay will be denied.

A number of background facts are pertinent. Petitioner was convicted in Brown County Circuit Court of stalking, attempted first-degree intentional homicide, obstructing an officer, and escape and was sentenced to 12 years imprisonment. He is currently incarcerated at the Jackson Correctional Institution. The underlying habeas petition in this action stems from Petitioner's allegation that the evidence presented at trial was insufficient to sustain the jury's verdict of guilt beyond a reasonable doubt. Specifically Petitioner claims that:

> The state did not prove that [he] had the requisite intent in attempting first-degree intentional homicide. The state did not prove that [he] was aware that his conduct was practically certain to cause death to anyone. The state did not prove that [he] intended to commit a homicide on March 21, 2006, because his conduct on that night was not practically certain to cause another person's death.

(Petition at ¶ 22A.)

In his motion to stay, Petitioner expresses a desire to "further define" his "ineffective assistance of counsel claim, competency claim, [and] due process claim". (Dkt. 26 at ¶ 8.) But such claims appear nowhere in the habeas petition or in the record of Petitioner's state court appeals. In reality Petitioner appears to be seeking permission to *add* these claims to his habeas petition. Petitioner has not raised – and thus has not exhausted – and of these additional claims in the state courts. Petitioner and Respondent agree that the habeas petition, in its current form, is not a mixed petition. (Dkt. 28 at 3 and Dkt. 30 at 1.) That is, the petition does not contain both exhausted and unexhausted claims. Instead the current petition contains only the single claim – regarding sufficiency of the evidence – which petitioner has exhausted. (Dkt. 10 at ¶ 2.)

This Court has the power to stay the petition and allow Petitioner to return to state court to add additional claims provided such additional claims are not plainly meritless. *Rhines v. Weber,* 544 U.S. 269, 277 (2005); *Dolis v. Chambers,* 454 F.3d 721, 725 (7 Cir. 2006). But to be deserving of such a stay Petitioner must show good cause for his failure to exhaust his claims first in state court. *Rhines* at 277. Such a showing is wholly absent from Petitioner's present motion to stay. Not only did Petitioner fail to raise his new claims in state court, he did not even include them in his federal habeas petition. And it is unlikely that Wisconsin state courts would allow Petitioner to add new claims absent a showing of sufficient reason for his failure to bring those claims as part of his original direct appeal. Wis. Stat. § 974.06(4); *State v. Lo,* 2003 WI 107, 264 Wis. 2d 1, 665

2

N.W. 2d 756. Thus Petitioner's new claims would be plainly meritless because he has procedurally defaulted such new claims by failing to raise them earlier in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-46 (1999); *Lieberman v. Thomas,* 505 F.3d 665, 669-70 (7th Cir. 2007).

Finally I turn to Petitioner's other motion in which he requests additional time to file an expanded/amended habeas petition in this Court. (Dkt. 29.) Petitioner previously asked for, and received, an extension of the due date for his brief in support of his habeas petition. (Court's Order of January 28, 2011, Dkt. 21.) Under the previous extension Petitioner had until March 24, 2011 to file his brief in support of his habeas petition, a deadline which he missed. (*Id.*) This Court will, however, grant one additional extension until June 1, 2011.

**THEREFORE IT IS ORDERED** that Petitioner's motion to stay (Dkt. 25) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's motion for an extension of time to file a brief in support of his petition for a writ of habeas corpus (Dkt. 29) is **granted.** Specifically Petitioner must file his brief in support of his petition for a write of habeas corpus on or before June 1, 2011. Such brief shall be limited to the one claim for relief laid out in his petition – whether the evidence adduced at trial was sufficient to sustain the jury's verdict.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to amend his original habeas corpus petition (Dkt. 29) is **denied.**

Dated this   3rd    day of May, 2011.

                                                   s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge